MAX AND ABE SWILLER, PARTNERS, ETC., ET AL., RESPONDENTS, v. HOME INSURANCE COMPANY OF NEW YORK, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

The endorsement by an insurer on a fire insurance policy, of consent to change of ownership in the property insured, without more, is not to be construed as an agreement by the company to become liable to the new owner for a loss occurring after the ownership actually changed but before the consent was given.

---

On appeal from the Supreme Court.

For the appellant, *Russell E. Watson.*

For the respondents, *John P. Kirkpatrick.*

The opinion of the court was delivered by

PARKER, J. The suit is to recover loss by fire which plaintiffs claimed to be covered by a policy issued by the defendant company.

The policy was issued in the names of Max Herman and Wolfe Fisher, as their respective interests might appear, for a term of one year from October 8th, 1912.

On February 14th, about three P. M., Fisher and Gottlieb delivered a deed conveying the property to the two Swillers, the present plaintiffs, who also received the written policy, and about four P. M., of the same day, they gave it to their insurance broker, named Levine, with directions to have the ownership transferred to their names. Levine was not the agent of the company. That agent was a corporation named Neilson T. Parker, Inc. Levine did not go to Parker for an endorsement of change of interest until the next morning when the endorsement was made. In the meantime, the fire had occurred. The stipulation of facts shows that when Levine presented the policy for endorsement of new ownership, neither Parker, Inc., nor the company knew of the fire having taken place, and Levine did not inform Parker of it.

On this state of facts the trial judge, sitting without jury, held that, although in his estimation the policy was not originally enforceable because Fisher had no interest in the property at the time of its issue, or thereafter, yet plaintiffs were entitled to recover, on the theory, as he stated it, that the question was not one of waiver of the invalidity of the original policy, but of practically new insurance; and that instead of writing a new policy for the remaining portion of the policy (term?) the company extended the old insurance to the new owners.

We think that this was error. It may be conceded that by endorsing the new ownership on a policy which the company could have voided for misstatement of original ownership, or for transfer of ownership to the Swillers without such endorsement, the company entered into a fresh contract with said new owners to insure them for the remainder of the term, and that the premium originally paid was a valid consideration therefor. But when did the remainder of the term begin? In order to uphold the decision below, it is necessary to say that it began when the deed to the Swillers was delivered. Doubtless, the company could have so agreed, but

the question is, What agreement did it actually make by the endorsement? The only reasonable answer, as it appears to us, is, that in the absence of some special stipulation the insurer's consent to change of ownership must be construed as operating to protect the new owner from the time it is given; and that time is ordinarily when it is affixed by the company or its authorized agent, and that it does not relate back to any prior time when the ownership in fact changed, or, in other words, that the insurer does not, by assenting to the change of ownership, assume the liability for a loss occurring before that consent was given, of which it knew nothing, and for which, as the policy stood without its consent, it was not liable.

The case is not within the rule in *Hallock* v. *Insurance Company,* 26 *N. J. L.* 268; 27 *Id.* 645, for, in that case, the application was made for insurance and premium tendered to the agent before the fire occurred, for a term to begin at the date of the application, and the policy was so written. There was, consequently, in that case, no room for argument as to what the company agreed to, and the main question was whether it was relieved from the agreement because the fire had occurred without its knowledge before it had formally entered into it.

One of the defences set up in the pleadings, and not contradicted as to the facts, was that the policy contained a provision that unless otherwise provided by agreement endorsed thereon or added thereto, it should be void if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance, &c., and that by the conveyance to the Swillers such change took place and vitiated the policy. On the trial defendant requested the court to find that the foregoing clause was a warranty, of which there had been a breach by the conveyance to the Swillers which had not been waived by an endorsement on the policy or addition thereto; and further, that the endorsement in question, placed on the policy after the fire, did not constitute such waiver because the company had no knowledge or notice of such fire. These requests were either overruled

or confessed and avoided by the decision placing the judgment upon the ground, not of waiver, but of new insurance. As the case stands before us, defendant is entitled to attack both the refusals of the court and its specific findings of law injurious to defendant. It is not necessary to pass upon the question whether by the language of the policy insuring Herman and Fisher as their respective interests appeared, the policy, though void as to Fisher, would be good as to Herman. It might even be conceded for the sake of argument that they might have recovered for the loss. The simple question before us is, Was the company under a contractual liability to the Swillers for a loss after title vested in them, and before the endorsement of change of ownership? The trial court held that it had agreed to such liability by its endorsement made after the fire and without knowledge thereof. This we consider erroneous, for reasons already stated; and for this error the judgment must be reversed.

BERGEN, J. (dissenting). I am unable to agree with the majority of the court that the refusal of the trial court to find as requested, that the endorsement entered on the policy on February 15th, 1913, which reads as follows: "Interest in this policy is hereby vested in Max and Abe Swiller, trading under the name of Swiller Bros. as owner instead of as heretofore. Loss, if any, first payable as before. Second mortgagee eliminated," was not a waiver of previous breaches of warranty as to ownership, called to the attention of the court, because the company had no notice of the facts alleged to avoid the insurance and forfeit the policy, was erroneous.

This request is based upon the assumption that the policy, before it was assigned to the plaintiffs and the endorsement made thereon, was absolutely void, because when it was issued to the previous owners, Max Herman and Wolfe Fisher, the latter had conveyed his undivided one-half interest to Nathan Gottlieb. The policy of insurance is not printed in the record, nor was it submitted to the court, the case being tried and determined upon facts stipulated, so we have no knowledge of the terms of the policy, relating to the character of the in-

terests insured, except as they appear in the stipulation, the first of which is that on October 8th, 1912, the defendant issued a Standard fire insurance policy "to Max Herman and Wolfe Fisher, *as their respective interests appear,* for the term of one year from the 8th day of October, 1912, at noon, to the 8th day of October, 1913, at noon." As I read this policy it is an insurance against loss of the respective interests of each, and not of their joint interest, and there is no reason why the insurance company could not lawfully contract, as they did, to insure either against loss, so far as their respective interests appeared, and, if so, each had an undivided interest insured. If Fisher had no interest, all the company insured was the interest of Herman, which interest remained insured until he conveyed it to the plaintiffs, and so long as he retained that interest his mortgagee, Augusta McGinnis, one of the plaintiffs, was protected to the extent of his insurable interest by reason of the endorsement making any loss first payable to her as mortgagee.

None of the conditions contained in the policy upon which the breaches of warranty appearing in the requests to charge or find appear in this record, but, assuming that the policy contained these warranties, there was no breach, so far as the interest of Herman is concerned, because his respective interest was always in existence, and continued to be until he conveyed the property and handed over the policy to the new owner, for "respective interests" means such interests as each of the insured had. It is not a case where tenants in common are jointly insured where conveyance by one would avoid the policy, but an insurance of the respective interests of each as such interest might appear, and therefore there was no breach of warranty, so far as Herman was concerned, which called for a compliance with the sixth request that the endorsement did not constitute a waiver of the breaches of warranties, because one of the parties held a valid insurance to the extent of his interest. The effect of the new contract created by the endorsement on the policy, after the conveyance by Herman and after the loss, is not raised by any request to charge and is not to be considered because all of the

requests are based upon the theory that the entire policy was void from its inception because Fisher was not one of the owners when the policy was issued, and therefore the very interesting question how much of the period of the time stated in the policy it was to cover inures to the assignee when the entire policy is assigned and consented to by the insurance company is not before us.

. If it is a new contract based upon all the terms and conditions of the policy, as seems to be the settled law, it may be that the insurance company, by the substitution of a new owner for the old one, makes the policy good to the new owner for the entire period, which would be nothing more than an agreement to insure the new owner for the entire period covered by the policy, or at least from the time it was assigned to him, and that the company has a right to antedate its policy was settled in *Hallock* v. *Insurance Company, supra.* But no such question is raised in this case, for all of the requests, the refusal to comply with which is the only ground of error alleged, are based upon the claim that the policy being originally void, the endorsement to the new owner was not a waiver of alleged breaches, because the policy itself was void, and if, as I think, the policy was not void because it was an insurance of respective interests, one of which was insurable, then the requests were based upon a false assumption of law and were properly refused.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, BERGEN, MINTURN, KALISCH, WHITE, WILLIAMS, JJ.    6.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, HEPPENHEIMER, TAYLOR, GARDNER, JJ.    7.